IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORVAL D. FLANNERY,

    Petitioner,                    No. CIV S-10-0950 GGH P

    vs.

TIM VIRGA, Warden,[1]           ORDER &

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        By order, filed on June 1, 2010, respondent was directed to review the petition and the pending motion to stay and to file a response to petitioner's motion to stay. Respondent sought an extension of time which was granted, and filed an opposition to the motion.

        As previously noted, petitioner raises three grounds in challenging his 2005 Amador County Superior Court conviction of petty theft with a prior (Cal. Penal Code § 666) and under the three-strikes law (Cal. Penal Code § 667.5) for which he was sentenced to an indeterminate term of 25 years to life. Petition, pp. 1-7. Petitioner concedes that ground three is

---

[1] Respondent asks that Tim Virga, the current warden of California State Prison, Sacramento be substituted in for James Walker. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). The request is hereby granted.

1

unexhausted and asks that the petition be stayed pending state court exhaustion of that claim, which he avers is pending in state court and on which he is therein currently proceeding with counsel. See Motion to Stay (docket # 2), pp. 2.

Petitioner's claim three is a claim for ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments "by defense counsel Fannon's total neglect of the plea-bargain opportunity in the case and related professional obligations." Petition, p. 5. The gravamen of this ground centers on a claim that petitioner was advised by defense counsel to reject the People's offer of a seven-year plea bargain and the five-year plea bargain suggested to the parties by the trial judge. Motion, Exhibit A (pending state habeas petition), p. 16.

Petitioner declares that he has the equivalent of a high school education, that he does not have financial assets, that while his direct appeal was pending in the state court of appeal before the ruling of March 14, 2008, he sought financial assistance from his family which they were unable to provide. Motion, pp. 53-59, Declaration of petitioner, ¶¶ 1-3. Petitioner avers he has no formal legal training, that his experience with habeas petitions first arose in 2008 in his pro se attempt at a collateral attack on his conviction, that he was sent for nine months to the SHU (security housing unit) beginning February of 2008, due to a stand-off in which he was involved. Id., at ¶¶ 4-5. Following the June 1, 2008, California Supreme Court denial of his petition for review, petitioner received his trial transcripts in July of 2008 and began to review them. Id., at ¶¶ 6-7. In the SHU, petitioner was only permitted one hour of law library a week, for a total of about 16 hours during the period he was there; petitioner maintains he is an especially slow reader when reading the law. Id., at ¶ 8. Petitioner was informed by an inmate named Mario Navarro that the clock was running for filing a petition in state and federal court; Inmate Navarro drafted a habeas petition for petitioner by hand, which petitioner mailed, believing it imperative to do so immediately, to the Amador Superior Court in January of 2009, after having had difficulty obtaining copies due to a prison transfer, a yard lockdown and a voluminous appendix to the petition. Id., ¶¶ 9-13. Petitioner re-filed the petition in the court of

1  appeal after it was denied on February 27, 2009, in the lower court; he filed it in the state
2  supreme court after the April 9, 2009, appellate court denial, where it was denied on November
3  10, 2009, Id., at ¶ 14.  Thereafter, petitioner came to believe, after reading Strickland v.
4  Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), despite assurances by fellow inmates that
5  Inmate Navarro had done a good job for him, that his prison writ writer had failed to show the
6  requisite prejudice. Id., at 15-16.  With financial assistance from some friends in the American
7  Indian community, petitioner had his case evaluated by an attorney in San Francisco, Gary
8  Dubcoff in November of 2009; ultimately, petitioner could not afford his services so, after funds
9  remaining from the review were returned with other documents with a letter dated December 22,
10 2009, petitioner, in January, 2009, contacted an attorney named William Gilg, the counsel with
11 whom he is apparently proceeding now on his pending state habeas filing.  Id., ¶¶ 19-21.

12          In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States
13 Supreme Court found that a stay and abeyance of a mixed federal petition should be available
14 only in the limited circumstance that good cause is shown for a failure to have first exhausted the
15 claims in state court, that the claim or claims at issue potentially have merit and that there has
16 been no indication that petitioner has been intentionally dilatory in pursuing the litigation.
17 Rhines, supra, at 277-78, 125 S.Ct at 1535; Jackson v. Roe, 425 F.23d 654, 661 (9th Cir. 2005);
18 see also Pace v. DiGuglielmo, 514 U.S. 408, 416, 125 S.Ct. 1807 (2005) (prisoners may file a
19 "protective petition" in federal court asking the court to stay and abey the federal proceedings
20 until state remedies are exhausted.

21          Rhines does not go into detail as to what constitutes good cause for failure to
22 exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less
23 stringent than an "extraordinary circumstances" standard.  Jackson v. Roe, supra, 425 F.3d at
24 661-62.  Several district courts have concluded that the standard is more generous than the
25 showing needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408
26 F.Supp.2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand).  This

view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807 (2005) where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. at 416-17, 125 S.Ct. 1807.

Respondent is correct that the Ninth Circuit in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), found that petitioner's claim that he was "under the impression" that his counsel had raised all the issues before the state court of appeal did not constitute good cause for failure to exhaust (Opposition (Opp.), pp. 4-5), and the undersigned is bound to agree that generally good cause cannot be based on mere ignorance of the law because such a finding "would render stay-and-abey orders routine" and thus, "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances." Wooten, 540 F.3d at 1024. Respondent also argues that a petitioner pro se's reliance upon the incompetence of jailhouse lawyers does not constitute cause, citing Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988) and that the illiteracy of a petitioner and lack of assistance has also been found to be insufficient, citing Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986). Opp., p. 5. Both of these cases, however, speak to a failure to show cause in the context of the "cause and prejudice" standard applied with regard to a procedural default, applicable in a narrow, "exceptional circumstances" context. See, e.g. Hughes, supra, at 909. In this instance, there is as yet no procedural default ruling.

Respondent also notes (Opp., pp. 5-6), among several district court decisions, that in Pittman v. Hense, No. CV 09-5044-VAP (RNB), 2009 WL 4348428 * 3(C.D.Cal. Dec.1, 2009), the court found that "if a pro se habeas petitioner's lack of legal training, difficulty in obtaining facts while incarcerated, lack of legal resources, and/or lack of knowledge of the law and his options were sufficient to satisfy Rhines' s 'good cause' requirement, the Supreme Court's observation in Rhines that 'stay and abeyance should be available only in limited circumstances' would be eviscerated...."

4

1       In Wooten, the Ninth Circuit recognized that Jackson, supra, had stated to meet
2   the Rhines good cause standard for failure to exhaust did not require a showing of "extraordinary
3   circumstances."  Wooten, 540 F.3d at 1023-24.  This court finds, in this instance in the
4   combination of circumstances described, that petitioner, who evidently has a state court
5   exhaustion petition now pending and had one prior to filing this petition, along with his motion
6   to stay, has shown sufficient cause to meet the "good cause" standard under Rhines.  Moreover,
7   the court finds that the petitioner's claim of ineffective assistance of counsel with regard to his
8   initial trial counsel's alleged advice to reject a seven-year plea offer while petitioner is now
9   instead serving a 25-year-to-life is not on the face of it "plainly meritless"; nor does it appear that
10  petitioner engaged in intentionally dilatory litigation tactics.  Rhines, supra, at 277-278, 125 S.
11  Ct. at 1535.  Therefore,
12       Accordingly, IT IS ORDERED that:
13       1.  The Clerk of the Court is to randomly assign a district judge to this case; and
14       2.  The Clerk of the Court is also directed to substitute the name of Tim Virga for
15  that of James Walker as respondent in the docket of this case.
16       IT IS RECOMMENDED that:
17       1.  Petitioner's motion for a stay under Rhines, supra, filed on April 14, 2010
18  (docket # 2), be granted, pending exhaustion of claim three; and
19       2.  Petitioner be directed to inform this court and file a request to lift the stay
20  within twenty-eight days of a decision by the California Supreme Court concluding state court
21  habeas review.
22       These findings and recommendations are submitted to the United States District
23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
24  days after being served with these findings and recommendations, any party may file written
25  objections with the court and serve a copy on all parties.  Such a document should be captioned
26  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within fourteen days after service of the objections.  The parties are
2  advised that failure to file objections within the specified time may waive the right to appeal the
3  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: August 16, 2010                        /s/ Gregory G. Hollows

                                                 GREGORY G. HOLLOWS
                                                 UNITED STATES MAGISTRATE JUDGE

6  GGH:009
   flan0950.ofr