UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVAL D. FLANNERY,<br><br>       Plaintiff,<br><br>    v.<br><br>JAMES WALKER, Warden,<br><br>       Defendant. | No.  2:10-cv-0950 MCE AC<br><br><br>ORDER |

     Petitioner is a California state prisoner proceeding with counsel under 28 U.S.C. § 2254. Petitioner was convicted of felony petty theft (i.e., petty theft with a prior) by an Amador County jury in 2005, and sentenced to a term of imprisonment of 25 years to life under California's "three strikes" statute. His petition for writ of habeas corpus was filed on April 14, 2010, and contained two exhausted and one unexhausted claim. ECF No. 1. The petition included a request for an evidentiary hearing. Id. at 7. The action was stayed pending exhaustion of Claim Three. ECF Nos. 12, 13. Following exhaustion, see ECF No. 15 (Notice of Completion of Exhaustion of State Remedies), respondent filed an answer (ECF No. 21) and petitioner filed a traverse (ECF No. 26). For the reasons explained below, the court concludes that an evidentiary hearing is necessary in order to resolve the merits of Claim Three of the petition.

////

////

The Allegations of Claim Three

In Claim Three, petitioner alleges that he was denied the effective assistance of counsel in the plea bargaining process. Petitioner was charged with stealing a television from a store. Six prior convictions were alleged in the information, making the charge a felony and invoking the sentencing provisions of California's "three strikes" law. Petitioner was represented by the Amador County public defender's office, and various attorneys appeared on his behalf at different times. Claim Three challenges the performance of Michael Fannon, who represented petitioner in pretrial proceedings from September 13, 2004 until January 18, 2005 when the court granted petitioner's Marsden motion.[1] At a trial readiness conference on September 27, 2004, the judge inquired about the status of plea negotiations. Counsel reported that the prosecution's offer of seven years and the defense counteroffer of three years had both been rejected. RT 8. The prosecutor rebuffed the judge's suggestion that the parties compromise at five years, but indicated that "if they want anything less than 26, they can contact me." RT 9. Fannon told the court that petitioner was "not interested in resolving it." Id.

Petitioner's declaration in support of Claim Three, which was submitted to the state courts (Lodg. Doc. 15, Ex. I), avers that Mr. Fannon failed to tell petitioner that the state's evidence would likely support a conviction and that it was in his interests to accept the seven year offer. Instead, Fannon told him that the state's case was weak. According to petitioner, Fannon also gave him the unrealistic idea that Proposition 66 (a three-strikes reform measure then facing the voters) would pass and prevent him from receiving a life sentence. Petitioner declares that he would have accepted the seven year offer had counsel advised him to do so and explained the likelihood that he otherwise would receive an indeterminate life sentence.

Principles Governing Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees to a criminal defendant the effective assistance of counsel. To prevail on a claim that this right has been denied, a habeas petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that

---

[1] See People v. Marsden, 2 Cal. 3d 118 (1970) (requiring trial court to provide ex parte hearing and consider defendant's reasons for requesting substitution of appointed counsel).

counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 692, 694 (1984). Prejudice means that the error actually had an adverse effect on the defense, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 693-94. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

The Strickland framework applies to claims of ineffective assistance in the plea bargaining process. See Lafler v. Cooper, 132 S.Ct. 1376 (2012); Missouri v. Frye, 132 S.Ct. 1399 (2012). Unreasonable advice regarding a favorable plea offer constitutes deficient attorney performance under Strickland. See Lafler, 132 S.Ct. at 1390. To establish prejudice in this context, a petitioner must show a reasonable probability that both he and the trial court would have accepted the forfeited plea bargain, and that it would have resulted in a lesser sentence. Id. at 1391.

Standards Governing Federal Habeas Review of Claim Three

When a state court has adjudicated the merits of a federal constitutional claim, relief is available in federal court only if the state court's decision (1) was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or (2) was based on an unreasonable determination of the relevant facts. 28 U.S.C. § 2254 (as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")); Williams v. Taylor, 529 U.S. 362 (2000); Frantz v. Hazey, 533 F.3d 724 (9th Cir. 2008) (en banc). When the state's highest court rejects a claim on procedural grounds without reaching the merits, however, federal habeas review is de novo. Cone v. Bell, 556 U.S. 449, 472 (2009) ("Because the Tennessee courts did not reach the merits of Cone's Brady claim, federal habeas review is not subject to the deferential standard that applies under AEDPA . . . Instead, the claim is reviewed de novo."); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (where state supreme court rejected claim on procedural grounds, there is no merits adjudication entitled to AEDPA deference and district court reviews constitutional issue de novo), cert. denied, 539 U.S. 916 (2003).

Claim Three was exhausted by presentation to the California Supreme Court in petitioner's second round of state habeas review. The California Supreme Court denied the

petition in an order that reads in its entirety as follows:

> The petition for writ of habeas corpus is denied. (See In re Robbins (1998) 19 Cal.4th 770, 780; In re Clark (1993) 5 Cal.4th 750, 767-769).

Lodg. Doc. 15.

In citing Robbins and Clark, the state court indicated that it was denying the petition as untimely. Walker v. Martin, 131 S.Ct. 1120, 1128 (2011).[2] Because the California Supreme Court provided the basis for its ruling, this court need not "look through" to the statement of reasons for the superior court's previous denial of the claim. See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (where there is one reasoned state court judgment rejecting a claim, later unexplained orders are presumed to rest on same ground).[3] Because the state's highest court did not adjudicate the merits of Claim Three, and instead denied the claim on purely procedural grounds, pre-AEDPA standards apply. See Cone, 556 U.S. at 472; Pirtle, 313 F.3d at 1167.

////

////

---

[2] Respondent has not asserted procedural default as a defense to Claim Three.

[3] The parties both assume that the superior court decision constitutes the "last reasoned decision" of a state court. Because the state supreme court's citation to Robbins and Clark constitutes an explicit statement of grounds for its decision, the undersigned concludes that the Ylst presumption does not apply. If it did apply, however, the result would not be different. The superior court denied the petition on grounds that petitioner had not demonstrated prejudice and that the appointment of substitute counsel would "likely" have "ameliorated" any prejudice. Lodg. Doc. 10. First, it is incorrect that petitioner failed to meet his burden of alleging facts sufficient to demonstrate prejudice. His declaration satisfies Strickland in that regard. See Lafler, 132 S.Ct. at 1391 (prejudice requires showing that defendant would have accepted offer if competently advised). Second, the substitution of new counsel in January 2005 cannot have cured the ineffective forfeiture of a favorable plea offer in September 2004. While it may or may not be the case that a similar plea bargain could have been obtained by Fannon's successor, and was not secured due to petitioner's informed choice – facts that cannot be determined from the trial record – the superior court's speculation about what did and did not transpire between petitioner and other deputy public defenders may not substitute for factual determinations based on evidence. Accordingly, the superior court's rejection of the claim was based on an unreasonable determination of fact and would not be entitled to AEDPA deference even if it were the operative state adjudication for purposes of § 2254(d). See Wiggins v. Smith, 539 U.S. 528 (2003) (state court's factual error regarding content of the record constitutes unreasonable determination of fact within meaning of § 2254(d)(2)); Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003) (factual findings made without hearing are unreasonable under § 2254(d)(2)), cert. denied, 543 U.S. 1038 (2004).

4

<u>An Evidentiary Hearing is Appropriate Under Pre-AEDPA Standards</u>

In cases not subject to the AEDPA, a federal court must grant an evidentiary hearing where the petitioner has presented a colorable claim of a constitutional violation and the state court did not permit development of the factual foundation for the claim. <u>Siripongs v. Calderon</u>, 35 F.3d 1308, 1314 (9th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1183 (1995); see <u>Earp v. Ornoski</u>, 431 F.3d 1158, 1167 (9th Cir. 2005) ("where the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing."). A colorable claim is presented if the petitioner alleges facts which, if demonstrated to be true, would entitle petitioner to relief. <u>Earp</u>, 431 F.3d at 1170. This is not a heightened requirement, but rather a "low bar." <u>Id.</u> An evidentiary hearing may also be ordered in the court's discretion when it is not required by right. <u>Seidel v. Merkle</u>, 146 F.3d 750, 754 (9th Cir. 1998) (holding that district court properly exercised its discretionary power to hold hearing where petitioner's allegations, if proven, would entitle him to relief), <u>cert. denied</u>, 525 U.S. 1093 (1999).

Petitioner has presented a colorable claim. If petitioner's factual allegations are true, he would be entitled to relief. See <u>Lafler</u>, 132 S.Ct. at 1390-91; <u>United States v. Rivera-Sanchez</u>, 222 F.3d 1057, 1060 (9th Cir. 2000) (relief available if plea offer communicated insufficiently under prevailing professional standards, and client would have accepted offer had it been communicated sufficiently). If Fannon made the statements attributed to him in petitioner's declaration, he would have given inadequate advice regarding the plea offer. The declaration avers that petitioner would have accepted the seven-year offer if adequately advised, and the record indicates that the trial judge would have accepted that disposition. Considered together, these facts establish the elements of a <u>Strickland</u> violation. See <u>Lafler</u>, 132 S.Ct. at 1390-91.

Although petitioner presented the California Supreme Court with facts establishing a prima facie case of ineffective assistance under <u>Strickland</u>, the state court denied the petition without affording an opportunity for a hearing. Accordingly, an evidentiary hearing in this court is mandatory. <u>Siripongs</u>, 35 F.3d at 1314; <u>Earp</u>, 431 F.3d at 1167. In the alternative, even if a hearing is not mandatory, a discretionary hearing is appropriate because petitioner has presented

allegations that, if proven, may entitle him to relief. See Seidel, 146 F.3d at 754.

## CONCLUSION

Accordingly, it is hereby ordered as follows:

1. Petitioner is granted an evidentiary hearing on Claim Three;

2. This matter is set for a status conference on July 31, 2013, at 10:00 a.m. in Courtroom 26. The parties shall be prepared to discuss the necessary preparations for, and scheduling of, an evidentiary hearing on Claim Three.

DATED: June 25, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE