UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORVAL D. FLANNERY, | No. 2:10-cv-0950 MCE AC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JAMES WALKER, Warden, | |
| Respondent. | |

Petitioner is a California state prisoner proceeding with counsel under 28 U.S.C. § 2254. Petitioner was convicted of felony petty theft by an Amador County jury in 2005, and sentenced to a term of imprisonment of 25 years to life under California's "three strikes" statute. His petition for writ of habeas corpus was filed on April 14, 2010, and contained two exhausted and one unexhausted claim. ECF No. 1. The action was stayed pending exhaustion of Claim Three. ECF Nos. 12, 13. Following exhaustion, see ECF No. 15 (Notice of Completion of Exhaustion of State Remedies), respondent filed an answer (ECF No. 21) and petitioner filed a traverse (ECF No. 26). Respondent has conceded exhaustion and raises no procedural defenses.

I.  STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

////

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d) constitutes a "constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus." Williams v. Taylor, 529 U.S. 362, 412 (2000). It does not, however, "imply abandonment or abdication of judicial review," or "by definition preclude relief." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). If either prong (d)(1) or (d)(2) is satisfied, the federal court may grant relief based on a de novo finding of constitutional error. See Frantz v. Hazey, 533 F.3d 724, 736 (9th Cir. 2008) (en banc).

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Clearly established federal law also includes "the legal principles and standards flowing from precedent." Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002) (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)). Only Supreme Court precedent may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law.

Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044, 1057 (9th Cir. 2004).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams, 529 U.S. at 405. This includes use of the wrong legal rule or analytical framework. "The addition, deletion, or alteration of a factor in a test established by the Supreme Court also constitutes a failure to apply controlling Supreme Court law under the 'contrary to' clause of the AEDPA." Benn v. Lambert, 283 F.3d 1040, 1051 n.5 (9th Cir. 2002).

A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003). This does not mean, however, that the § (d)(1) exception is limited to applications of federal law that "reasonable jurists would all agree is unreasonable." Williams, 529 U.S. at 409 (rejecting Fourth Circuit's overly restrictive interpretation of "unreasonable application" clause). State court decisions can be objectively unreasonable when they interpret Supreme Court precedent too restrictively, when they fail to give appropriate consideration and weight to the full body of available evidence, and when they proceed on the basis of factual error. See, e.g., Williams, 529 U.S. at 397-98; Wiggins, 539 U.S. at 526-28 & 534; Rompilla v. Beard, 545 U.S. 374, 388-909 (2005); Porter v. McCollum, 558 U.S. 30, 42 (2009).

The "unreasonable application" clause permits habeas relief based on the application of a governing principle to a set of facts different from those of the case in which the principle was announced. Lockyer, 538 U.S. at 76. AEDPA does not require a nearly identical fact pattern before a legal rule must be applied. Panetti v. Quarterman, 551 U.S. 930, 953 (2007). Even a general standard may be applied in an unreasonable manner. Id. In such cases, AEDPA deference does not apply to the federal court's adjudication of the claim. Id. at 948.

Where the state court's adjudication is set forth in a reasoned opinion, § 2254(d)(1) review

is confined to "the state court's actual reasoning" and "actual analysis." Frantz, 533 F.3d at 738 (emphasis in original). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 131 S. Ct. at 786.

Relief is also available under AEDPA where the state court predicates its adjudication of a claim on an unreasonable factual determination. Section 2254(d)(2). The statute explicitly limits this inquiry to the evidence that was before the state court. Even factual determinations that are generally accorded heightened deference, such as credibility findings, are subject to scrutiny for objective reasonableness under § 2254(d)(2). See, e.g., Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (rejecting credibility finding as unreasonable in light of the evidence before the state court).

To prevail, a habeas petitioner must establish the applicability of one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional invalidity of his custody under pre-AEDPA standards. Frantz v. Hazey, 533 F.3d 724 (9th Cir. 2008) (en banc). There is no single prescribed order in which these two inquiries must be conducted. Id. at 736-37. The AEDPA does not require the federal habeas court to adopt any one methodology. Lockyer v. Andrade, 538 U.S. 63, 71 (2003).

II.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged with one count of petty theft with a prior, a felony offense. Cal. Penal Code §§ 484(a), 666. The information alleged six prior felony convictions and a prior prison term. The trial court granted petitioner's motion to bifurcate trial on the validity of the alleged prior convictions.

At trial, the prosecution presented evidence to establish the following facts. On January 29, 2004, an employee in an Albertson's market observed petitioner leaving the store with a boxed television in a shopping cart. The employee asked her colleagues whether anyone had sold a television. They had not. Two other employees went out to the parking lot, where petitioner

was putting groceries and the television into his truck. An employee wrote down the license plate number of the truck, and police were notified. A boxed television appeared to be missing from a display in the store. Store sales records later showed that no televisions had been sold on January 28, 29 or 30, 2004. Surveillance video from January 29 showed a man identified as petitioner in the parking lot near the truck with a television box in a shopping cart. The truck was registered to petitioner. A truck of the same make and model, but without license plates, was observed parked in front of petitioner's residence a few days later. A search of petitioner's home did not find a television set matching the description of the set taken from Albertsons. Petitioner told detectives that he had not been in Albertson's on January 29, 2004 and did not steal a television. He reported that he had purchased a television from Albertsons before Christmas and said that he could produce the receipt, but never did so.

The defense presented no witnesses at trial.

The jury returned a guilty verdict on May 19, 2005. Petitioner then waived his right to a court trial on the prior convictions, and admitted each of them. He was sentenced on July 28, 2005, to a term of 25 years to life under California's "three strikes" law.

The conviction and sentence were affirmed by the California Court of Appeal for the Third District on March 14, 2008. A petition for review was denied by the California Supreme Court on June 11, 2009.

Petitioner filed a petition for writ of habeas corpus in the Superior Court for Amador County on February 13, 2009. The petition was denied on February 27, 2009. An identical habeas petition was then filed in the intermediate court of appeal on March 23, 2009, and that petition was denied on April 9, 2009. Petitioner filed the same petition in the California Supreme Court on April 22, 2009, and that petition was denied on November 10, 2009.

On March 29, 2010, petitioner filed another habeas petition in superior court. On April 14, 2010, the instant federal petition was filed together with a motion for stay and abeyance. The superior court petition was denied on August 4, 2010. The federal action was stayed on September 27, 2010, to permit exhaustion of Claim Three. On October 25, 2010 petitioner filed a habeas petition in the California Supreme Court to exhaust Claim Three. That petition was

1  denied on June 8, 2011.

2        III.      CLAIM ONE: JURY MISCONDUCT OR BIAS

3           A.  Petitioner's Allegations

4      Petitioner's first claim for relief arises from juror exposure to the fact of his prior

5  convictions. On May 13, 2005, the trial court granted a defense in limine motion to bifurcate trial

6  on the priors. RT 106-107. The jurors were not to be informed of the fact that priors had been

7  charged. When the clerk read the information at the commencement of jury selection, the word

8  "felony" and reference to Penal Code section 666 were inadvertently used. RT 115-16. (Penal

9  Code § 666 provides felony sentencing for petty theft convictions following certain prior theft

10 crime convictions.) The Court found that there had been error but it was not prejudicial. RT 116.

11 It was ordered that going forward only the terms "petty theft" and "crime" would be used. Id.

12     At the end of the first day of trial, May 17, 2005, the prosecutor notified the court that a

13 juror had reported seeing a posted court calendar that referred to the case as "petty theft with

14 priors." RT 224-25.   The court ordered that any such calendars be pulled from public view. RT

15 225. The next morning, Juror No. 8 was questioned and confirmed that prior to jury selection he

16 had seen the defendant's name along with a reference to a prior conviction and/or jail term. RT

17 231-32. Juror No. 8 reported that Juror No. 1 had been with him when he read the calendar, but

18 they had not discussed it. RT 232. Juror No. 8 did not report his observation to any other jurors.

19 Id. Juror No. 1 was questioned and reported that she had seen the schedule of cases but did not

20 notice the defendant's name. RT 236-37. Juror No. 8 did not say anything to her about the

21 calendar. Id. Questioning of Juror No. 1 did not disclose what Juror No. 8 had observed. Id. No

22 other jurors were asked whether they had seen the posted calendar. Juror No. 8 was excused and

23 replaced with an alternate. RT 239-40.

24     On February 21, 2007, during the pendency of petitioner's appeal, the trial court held a

25 hearing pursuant to Cal. Code Civ. P. § 237 for the purpose of determining whether there was

26 cause to disclose the identities of jurors. RT of February 21, 2007 ("2/21/07 RT"). All jurors

27 were individually questioned regarding their exposure to the criminal history information that had

28 been erroneously included on the posted court calendar. Juror No. 1 reaffirmed that she had seen

the calendar but had not noticed any information about petitioner other than the judge and courtroom to which the case was assigned. 2/21/07 RT 5. All other jurors testified that that they had been unaware of the calendar or did not remember such a calendar. All jurors testified that there had been no discussion regarding any publicly posted information, and no consideration of information other than the evidence presented in the courtroom. The only juror who reported having been exposed to the criminal history information was Juror No. 8, who was discharged and did not deliberate. Following examination of the jurors, the court found insufficient cause to release their personal identifying information. Id. at 34.

### B. The Clearly Established Federal Law Governing The Claim

The Sixth Amendment guarantees a criminal defendant a fair trial by a panel of impartial, indifferent jurors. Irvin v. Dowd, 366 U.S. 717, 722 (1961). An unbiased jury is a basic requirement of due process. In re Murchison, 349 U.S. 133, 136 (1955). Moreover, an accused is entitled to have guilt or innocence adduced solely on the basis of evidence introduced at trial. Taylor v. Kentucky, 436 U.S. 478, 485 (1978); Smith v. Phillips, 455 U.S. 209, 217 (1981). A single juror's improperly influenced vote deprives a defendant of an unprejudiced, unanimous jury. See Parker v. Gladden, 385 U.S. 363, 366 (1966).

Impartiality, however, does not require a lack of any preconceptions about the defendant or the case. "To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard." Irvin, 366 U.S. at 723. A presumption of impartiality applies if jurors provide assurances that they can "lay aside [their] impression or opinion and render a verdict based on the evidence presented in court." Murphy v. Florida, 421 U.S. 794, 800 (1975). This presumption is overcome only where the defendant can demonstrate that a juror actually held a biased opinion, or that the community is so inflamed with prejudicial sentiment that a fair trial is impossible. Id. at 800-803.

### C. The State Courts' Adjudication Of The Claim

This claim was exhausted by presentation to the California Supreme Court in petitioner's initial round of state habeas review. Lodg. Doc. 13 (petition filed in California Supreme Court),

pp. 72-76. The identical claim had previously been submitted to the Third District Court of Appeal (Lodg. Doc. 11, pp. 72-76), and to the superior court (Lodg. Doc. 7, pp. 72-76). The state Supreme Court denied the petition summarily, without reasoned decision. Lodg. Doc. 14. The federal habeas court generally "looks through" the unreasoned decision of a state's highest court to the last reasoned state court decision on the merits, if any. Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (where there is one reasoned state court judgment rejecting a claim, later unexplained orders are presumed to rest on same ground). Although the superior court issued a reasoned opinion denying the petition, that opinion makes no mention of the jury misconduct claim. See Lodg. Doc. 8. Accordingly, there is no reasoned denial of Claim One to which the Ylst presumption can apply. Instead, application of § 2254(d) requires evaluation of the reasonableness of summary denial. Richter, 131 S.Ct. at 785.

Under California law, a summary denial of a claim "on the merits" means that the California Supreme Court assumed the truth of all factual allegations asserted in support of the claim, and nonetheless concluded that those facts did not state a claim entitling the petitioner to relief. People v. Duvall, 9 Cal. 4th 464, 474 (1995); People v. Romero, 8 Cal. 4th 728, 737 (1994). In other words, summary denial on the merits indicates a determination that the petitioner has failed to state a prima facie case. Duvall, 9 Cal. 4th at 475; Cullen v. Pinholster, 131 S. Ct. 1388, 1402 n.12 (2011) (citing In re Clark, 5 Cal. 4th 750, 770 (1993)). When a state court denies a claim for failing to state a prima facie case, the absence of a prima facie case is the determination that must be reviewed for reasonableness under § 2254(d). Nunes, 350 F.3d at 1054-55.

It was not unreasonable for the state court to conclude that petitioner had not presented a prima facie case of juror bias. First, there is no support in the record for the proposition that any juror other than Juror No. 8, who was excused, was aware of the calendar information or otherwise aware of petitioner's status as a recidivist. The testimony of the jurors at the CCP 237 hearing did not establish that any deliberating juror had been exposed to the unredacted calendar. The error in the clerk's reading of the information at the beginning of jury selection, which included use of the word "felony" and the statute number "666," does not support an inference

8

that any seated juror concluded that the case was a three strikes case. The error was fleeting and cured by subsequent references to the charged offense as a petty theft.

Even if jurors had recalled the initial reading of the information and understood its legal implications, there would be no constitutional error without a showing of actual or presumed prejudice. Murphy, 421 U.S. at 800-803. Petitioner did not present the state court with any facts suggesting that any juror was actually biased against him. Instead, he argued that the trial court should have questioned all jurors at the time Juror No. 8's exposure to the calendar came to light. Lodg. Doc. 13 at 72. The allegation that voir dire on May 18, 2005, would have revealed actual juror bias is entirely speculative and does not satisfy petitioner's burden to demonstrate bias. On the contrary, the transcript of the CCP 237 hearing refutes the existence of bias.

Petitioner also did not present the state court with any facts indicating that the general atmosphere in the courtroom or the community was so inflammatory that prejudice could be presumed under clearly established federal law. See Murphy, 421 U.S. at 802-803. Because the state court record does not indicate that petitioner was prejudiced by any juror exposure to his criminal history,[1] it was not objectively unreasonable for the California Supreme Court to summarily reject this claim.

   IV. Claim Two: Ineffective Assistance of Counsel Related to Jury Issue
     A. Petitioner's Allegations

In Claim Two, petitioner alleges that his Sixth Amendment rights were violated by counsel's failure to question additional jurors (other than Juror No. 1 and Juror No. 8) about the bulletin board at the time that Juror No. 8 reported noticing the unredacted calendar.

     B. The Clearly Established Federal Law Governing The Claim

The Sixth Amendment guarantees to a criminal defendant the effective assistance of counsel. To prevail on a claim that this right has been denied, a habeas petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that

---

[1] The Ninth Circuit has rejected biased jury claims under AEDPA standards where petitioners have made showings of actual and presumed bias significantly more substantial than in the instant case. See e.g., Ybarra v. McDaniel, 656 F.3d 984, 992-94 (9th Cir. 2011), cert. denied, 132 S.Ct. 1904 (2012).

counsel's deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 692, 694 (1984). Prejudice means that the error actually had an adverse effect on the defense, and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 693-94. A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Id.</u>

### C. The State Court's Adjudication Of The Claim

Like the closely-related jury misconduct claim, this claim was exhausted by presentation to the California Supreme Court in petitioner's first round of state habeas review and was denied summarily. Lodg. Doc. 13, pp. 61-70 (ineffective assistance claim); Lodg. Doc. 14 (order summarily denying petition). The superior court's earlier written decision denying the same petition did state a basis for denying the ineffective assistance claim. Lodg. Doc. 8. Accordingly, it is that adjudication that is scrutinized for objective reasonableness under § 2254(d). <u>See</u> <u>Haggard v. Curry</u>, 631 F.3d 931, 935 (9th Cir. 2010) (looking through unexplained state supreme court decision to reasoned superior court decision).

The superior court rejected petitioner's omnibus ineffective assistance claim, of which the instant federal claim was a part, on grounds that petitioner had made no showing of prejudice as required under <u>Strickland</u>. Lodg. Doc. 8. This conclusion is not objectively unreasonable. In order to demonstrate prejudice from counsel's failure to question the jurors, petitioner would need to demonstrate a reasonable probability that such questioning would have revealed evidence of disqualifying bias. <u>See</u> <u>Styers v. Schriro</u>, 547 F.3d 1026, 1030 (9th Cir. 2008) (ineffective assistance claim fails where petitioner cannot show counsel would have prevailed on request to strike jury panel for bias). Petitioner made no such showing. His prejudice allegations are entirely speculative. Accordingly, the state court's rejection of the claim was not objectively unreasonable.

### V. Claim Three: Ineffective Assistance of Counsel In Plea Bargaining Process

#### A. Petitioner's Allegations

Claim Three challenges the performance of deputy public defender Michael Fannon, who represented petitioner in pretrial proceedings from September 13, 2004 until January 18, 2005

10

when the court granted petitioner's Marsden motion.[2] At a trial readiness conference on September 27, 2004, the judge inquired about the status of plea negotiations. Counsel reported that the prosecution's offer of seven years and the defense counteroffer of three years had both been rejected. RT 8. The prosecutor rebuffed the judge's suggestion that the parties compromise at five years, but indicated that "if they want anything less than 26, they can contact me." RT 9. Fannon told the court that petitioner was "not interested in resolving it." Id.

Petitioner alleges that Mr. Fannon failed to tell him that the state's evidence would likely support a conviction, and that it was in his interests to accept the seven year offer. Instead, Fannon told him that the state's case was weak. Fannon also gave petitioner the unrealistic idea that Proposition 66 (a three-strikes reform measure then facing the voters) would pass and prevent him from receiving a life sentence. Petitioner declares that he would have accepted the seven year offer had counsel properly advised him.

### B. The Clearly Established Federal Law Governing The Claim

The familiar Strickland framework applies to claims of ineffective assistance in the plea bargaining process. See Lafler v. Cooper, 132 S.Ct. 1376 (2012); Missouri v. Frye, 132 S.Ct. 1399 (2012). Unreasonable advice regarding a favorable plea offer constitutes deficient attorney performance for Sixth Amendment purposes. See Lafler, 132 S.Ct. at 1390. To establish prejudice in this context, a petitioner must show a reasonable probability that both he and the trial court would have accepted the forfeited plea bargain, and that it would have resulted in a lesser sentence. Id. at 1391.

### C. The Claim Is Moot

By order filed June 25, 2013 (ECF No. 30), the undersigned ordered an evidentiary hearing on Claim Three. The court found that Claim Three was subject to de novo review, because the California Supreme Court had denied the exhaustion petition on procedural grounds and did not adjudicate the merits of the claim. See Cone v. Bell, 556 U.S. 449, 472 (2009); Pirtle

---

[2] See People v. Marsden, 2 Cal. 3d 118 (1970) (establishing trial court procedures for defendant's motion for substitution of appointed counsel).

11

1  v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).³  On July 8, 2013, respondent advised the court
2  that petitioner had been resentenced by the superior court on June 14, 2013 to a seven year term,
3  and has been released from state custody.  ECF No. 31.  Respondent provided the resentencing
4  order, ECF No. 31-1, and counsel for petitioner confirmed petitioner's subsequent release, ECF
5  No. 33.

6  For a federal habeas case to remain justiciable, there must be a continuing case or
7  controversy within the meaning of Article III of the Constitution.  A case or controversy requires,
8  among other things, that the alleged injury can be redressed by a favorable decision.  Spencer v.
9  Kemna, 523 U.S. 1, 7 (1998).  When a habeas claim attacks the validity of the underlying
10  conviction, release from prison does not render the claim moot because an order vacating the
11  conviction can still provide relief from the collateral consequences of the conviction.  Chacon v.
12  Wood, 36 F.3d 1459, 1463 (9th Cir. 1994) (presumption of collateral consequences prevents
13  mootness when petitioner challenging conviction is released); see also Wilson v. Terhune, 319
14  F.3d 477, 480 (9th Cir. 2003) (Chacon applies only to habeas challenges to the underlying
15  conviction).⁴

16  In this case, Claim Three challenges not petitioner's conviction but his life sentence.  The
17  relief sought is the benefit of the bargain allegedly forfeited by counsel's substandard
18  performance: a seven year sentence.⁵  It is undisputed that petitioner has been resentenced to a
19  seven-year term pursuant to the Three Strikes Reform Act of 2012, Cal. Pen. Code § 1170.12.
20  This means that petitioner is no longer under a sentence that exceeds the forfeited plea offer, and
21  can no longer obtain any relief on Claim Three that would redress an ongoing injury.  At the
22  status conference held in this matter on July 31, 2013, petitioner conceded mootness.

---

[3] Respondent has not asserted procedural default as a defense to Claim Three.

[4] In Wilson, the Ninth Circuit held that a habeas petition challenging a prison disciplinary proceeding becomes moot when the punishment imposed as the result of the disciplinary action has been completed or withdrawn. Id.

[5] While the remedy petitioner seeks remains theoretically available after Lafler, it is not guaranteed and may not be ordered by the district court.  The Supreme Court specified that the proper remedy in these circumstances is not specific performance of the forfeited plea bargain but reinstatement of the offer.  If the offer is accepted by the petitioner, the state trial court exercises its discretion whether to resentence.  Lafler, 132 S.Ct. at 1389.

Accordingly, Claim Three should be denied as moot.

### VI. Conclusion

For the reasons explained above, Claims One and Two fail to satisfy the demanding standard of 28 U.S.C. § 2254(d), and Claim Three is moot.

Accordingly, IT IS RECOMMENDED that the petition for writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE